JUDGE SWAIN

10 CV 7399

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY        :        Civil Action No.
COMMISSION,                                                      :
                                                                           :        COMPLAINT
                              Plaintiff,                            :
                                                                           :        **JURY TRIAL DEMAND**
         -v-                                                           :
                                                                           :
NEW YORK UNIVERSITY,                              :
                                                                           :
                              Defendant.                       :
                                                                           :
------------------------------------------------------------x



## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of national origin, race, and retaliation and to provide appropriate relief to Osei Agyemang ("Agyemang").

Defendant New York University ("Defendant") is the largest private university in the United States and one of New York City's ten largest employers, with a workforce of approximately 12,000 faculty, administrators, and staff. Defendant created a hostile and abusive work environment for Agyemang based on his national origin (African/Ghanaian) and race (Black). Defendant also retaliated against Agyemang in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant continuously has been a not-for-profit private corporation doing business in the State of New York and in New York County, and continuously has had at least fifteen employees.

5. At all relevant times, Defendant continuously has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Agyemang filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7. Agyemang began working for Defendant in 2004 as a Grade 7 Mail/Supply Assistant in the mailroom of Elmer Holmes Bobst Library ("Bobst Library"). Agyemang is Black and a native of Ghana.

8. At all relevant times, Agyemang worked with just two other employees in the mailroom: the Mail/Supply Supervisor, who was Agyemang's direct manager, and another Mail/Supply Assistant.

9. From July 2007 until January 2009, Defendant engaged in unlawful employment practices in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. §§ 2000e and 2000e-3, by subjecting Agyemang to a hostile work environment on the basis of national origin and race, and by retaliating against him. These practices include, but are not limited to, the following:

   a) Defendant repeatedly subjected Agyemang to egregious and abusive verbal harassment based on his national origin and race. The Mail/Supply Supervisor routinely used language that was offensive in light of Agyemang's national origin and race, such as by addressing him as "monkey" and "gorilla"; telling him to "go back to [his] cage" and "go back to the jungle"; and asking if he "want[ed] a banana." He also frequently mocked Agyemang's accent; told him he spoke "gibberish" and should "learn English"; described him as "an exile in this country" who "can't find a home"; expressed hostility toward "foreigners" who "take away" jobs from those born in the United States; denigrated Africa; and described Africans as "killers." Finally, the Mail/Supply Supervisor regularly derided Agyemang's intelligence by calling him "stupid"; describing him as having a "so-called degree" but "not really [being] educated"; and ridiculing him as "not a rocket scientist."

3

b)      Defendant retaliated against Agyemang after he complained about and objected to the discriminatory treatment, filed a charge with EEOC, and participated in EEOC's investigation. Specifically, the retaliation included, but was not limited to, the Mail/Supply Supervisor's more closely monitoring Agyemang's schedule and work performance, as well as assigning him to do heavy lifting and other physically strenuous work by himself, in contrast to his prior treatment of Agyemang and in contrast to his treatment of Agyemang's co-worker; fabricating grounds for disciplinary action; threatening to dock Agyemang's pay; expressing overt hostility toward him, which included using physical intimidation; and interfering with his ability to complete his work assignments. Defendant, through the Mail/Supply Supervisor, further retaliated against Agyemang by attempting to make the other Mail/Supply Assistant afraid to associate with him.

c.      Although Agyemang and his union representative complained repeatedly to Defendant's management and Human Resources personnel, Defendant failed to take prompt and effective action to remedy the harassment and retaliation. After taking nearly five months to investigate Agyemang's initial allegations of ongoing harassment and retaliation, in January 2008 Defendant acknowledged only that the supervisor had made "offensive comments." Thereafter, despite stating its intention to discipline the supervisor in various ways, including stripping him of authority over Agyemang, Defendant took virtually none of these actions and continued to treat the supervisor as Agyemang's direct manager. Moreover, although Agyemang and his union representative reported throughout 2008 that

4

the Mail/Supply Supervisor continued to harass and retaliate against Agyemang, Defendant did not remedy the situation until January 2009, when it finally transferred Agyemang to a different job assignment under a different supervisor.

10. The effect of the practices complained of above was to deprive Agyemang of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and race, and because he engaged in protected activity under Title VII.

11. The unlawful employment practices complained of above were intentional.

12. At all relevant times, Defendant has acted with malice or reckless indifference to Agyemang's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of national origin or race;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that retaliate against those individuals who engage in protected activity;

C. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of national origin or race and regardless of whether an employee engages in protected activity, and that eradicate the effects of Defendant's past and present unlawful employment practices;

D. Order Defendant to make whole Agyemang by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

E. Order Defendant to make whole Agyemang by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation, in amounts to be determined at trial;

F. Order Defendant to provide punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
      September 27, 2010

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Judy A. Keenan
Supervisory Trial Attorney

_____
Gillian L. Thomas
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3770
Facsimile No.: 212-336-3623
Email Address: gillian.thomas@eeoc.gov